# CARL O. OLSEN v. GREAT NORTHERN RAILWAY COMPANY.[1]

## May 26, 1911.

## Nos. 17,012—(119).

**New trial — discretionary order.**

An order granting a new trial upon the ground the verdict was not sustained by the evidence and that the damages were excessive was a discretionary order, and it is *held* the trial court's discretion was not abused. [Reporter.]

Action in the district court for Ramsey county to recover $7,500 for personal injuries. The complaint alleged that on March 20, 1910, while plaintiff was in the employ of the general government as a railway mail clerk and a passenger for hire in accordance with a contract between defendant and the government, and in one of the mail cars of defendant, which was proceeding from St. Paul to St. Vincent, defendant, its agents, servants and employees, carelessly, negligently and recklessly derailed and burned the mail car in which plaintiff was riding, and plaintiff was severely injured; that plaintiff had ever since

1Reported in 131 N. W. 1134.

the accident been unable to do any work; that he had been put to great expense for medical care, and that all his clothes, jewelry, money and personal property were consumed in the fire. The answer admitted that plaintiff was employed by the United States government as a railway mail clerk, and that as such he was riding upon defendant's passenger train, but denied every other allegation of the complaint. The case was tried before Bunn, J., and a jury which returned a verdict in favor of plaintiff for $4,000. From an order granting defendant's motion for a new trial, plaintiff appealed. Affirmed.

*Kennedy & Kennedy* and *W. B. Douglas*, for appellant.

*M. L. Countryman*, for respondent.

PER CURIAM.

Action for personal injuries, in which plaintiff had a, verdict for $4,000. The verdict was set aside and a new trial granted on defendant's motion, and plaintiff appealed. The order granting the new trial was based upon the ground that the verdict was not sustained by the evidence and that the damages awarded were excessive. It was a discretionary order, and a careful consideration of the record leads to the conclusion that the court's discretion was not abused, within the rule guiding this court in such cases. Order affirmed.

BUNN, J., took no part.